KEENER'S OIL, NATURAL GAS & FUEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7862.   Promulgated February 19, 1927.

1. The cash value of certain property paid in to petitioner in 1900 for stock and the cost of subsequent additions and improvements for the purpose of invested capital, and the fair market price or value of depreciable assets on March 1, 1913, for the purpose of the allowance for exhaustion, wear and tear for the years 1919, 1920, and 1921, determined.

2. The evidence is insufficient to show that the rate of 3 per cent used by the Commissioner in computing the annual allowance for exhaustion, wear and tear was improper.

*J. V. Blair, Jr., Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

The Commissioner determined deficiencies in income and profits tax in the amount of $618.83 for 1919, $3,333.15 for 1920, and $1,276.58 for 1921. Petitioner claims that the Commissioner erred in determining the value of certain property for invested capital and depreciation purposes and in using a rate of 3 per cent in computing the allowance for exhaustion, wear and tear for each of the taxable years.

### FINDINGS OF FACT.

Petitioner is a West Virginia corporation organized in 1900 to engage in the business of supplying natural gas, with principal office at Weston. In 1897, George I. Keener purchased the entire capital stock of the Western Natural Gas & Fuel Co. for $21,492.63. He dissolved this corporation and in 1900 incorporated the business under the name of Keener's Oil, Natural Gas & Fuel Co. He paid in to this corporation for stock the property of the former corporation, consisting of plant and equipment for supplying natural gas to the inhabitants of Weston and surrounding vicinity, which property had. at that time, an actual cash value of $21,492.63.

Between 1900 and May, 1912, petitioner made additions and improvements of a capital nature costing $82,709.16, making a total investment to that date of $104,201.79. Petitioner did not produce gas but purchased its supply from other producing companies. About 1912 a corporation known as the Weston Fuel & Light Co. was organized by certain competing interests to supply gas to the inhabitants of Weston. In May, 1912, the Weston Fuel & Light Co. proposed to sell its plant and equipment to petitioner for $75,000 in cash or to pay petitioner $125,000 in cash for its plant. Petitioner declined to sell for the price offered but made a counter offer to sell its plant for $175,000. After some negotiations petitioner purchased the Weston Fuel & Light Co. for $75,000 in cash; making its total investment to that date $179,201.79.

Between May, 1912, and August, 1915, petitioner expended $19,710, being the cost of gas meters, street curb boxes and shut-off devices, and the cost of installing same. In the fall of 1912, it expended $7,000 in laying 5,000 feet of 5-inch gas mains. As a result of these expenditures petitioner's investment in 1915 totaled $205,911.79.

In August, 1915, Keener, who held the entire capital stock of the petitioner with the exception of four qualifying shares, sold the entire stock to certain other individuals for $161,000, which was paid in cash during that year and the two years following. The corporation continued as before.

The fair market price or value of petitioner's depreciable assets on March 1, 1913, was $150,000. In 1917 petitioner purchased the plant and equipment of a competitor organized shortly prior thereto for $60,000. During the year 1919 petitioner made additions to its plant costing $33,688.98 and sold one of its pipe lines in that year for $26,152.66.

#### OPINION.

LITTLETON: This proceeding presents only issues of fact concerning the cash value of property paid in to the petitioner and the cost of subsequent additions or improvements for invested capital purposes, and the fair market price and value of its depreciable assets on March 1, 1913, for the purpose of the annual allowance for exhaustion, wear and tear. The evidence submitted has been carefully examined and from a consideration thereof the Board has found the cash value of the property paid in by Keener in 1900 for stock and the cost of subsequent additions and improvements made by the corporation. This value and these costs should therefore be taken into consideration in computing petitioner's invested capital for the taxable years 1919, 1920, and 1921. The Board is further of the opinion, from a consideration of all the evidence, that the fair market price or value of the depreciable property owned by petitioner on March 1, 1913, was $150,000, and this value and the cost of subsequent additions and improvements should be used as the basis for the computation of the allowance for exhaustion, wear and tear for the taxable years.

Petitioner claims that the Commissioner erred in computing the allowance for exhaustion, wear and tear at the rate of 3 per cent per annum and that this allowance should have been computed at the rate of 5 per cent. An examination of the evidence on this point does not convince the Board that the Commissioner's determination of a rate of 3 per cent per annum was improper and his conclusion in this regard is approved.

> *Judgment will be entered on 15 days' notice, under Rule 50.*